Submitted on briefs September 25, affirmed October 17, motion to recall mandate allowed and mandate corrected December 12, 1922.

## FORD v. GRAHAM.

(209 Pac. 613.)

**Fraud—Evidence Held Insufficient to Show.**

*Held,* no evidence sufficient·to establish actual fraud nor such neglect as to create constructive fraud.

From Multnomah: WALTER H. EVANS, Judge.

In Banc.

This is a suit to foreclose a mortgage upon lots 4, 5 and 6 in Block 4, Yale Addition, in the City of Portland. The mortgage was given to secure the payment of a note for $249.37 executed by the defendant in favor of the plaintiff.

It is alleged that about February 15, 1921, plaintiff was the owner of the real property described in

the mortgage; that defendant was the owner of certain other real property situated in Portland; and that at said date plaintiff and defendant agreed to an exchange of these properties, each to assume the burden of certain encumbrances on the property which should be conveyed to him or her, and in addition thereto defendant was to give to plaintiff the mortgage described in the complaint.

The defendant answered, admitting the execution of the note admitting the execution of the note and mortgage, but counterclaiming on account of the following alleged false and fraudulent representations:

"That plaintiff represented to the defendant, in order to induce defendant to make said exchange, that a certain dwelling-house situated on said described premises then belonging to the plaintiff was upon the property owned by the plaintiff, and that the fruit trees growing on said premises were also situated on said premises, as well as a septic tank, which defendant believed to be true and induced her to make an exchange of properties in accordance with the agreement above described.

"That said representations were false and were known to the plaintiff to be false at the time they were made, but were wholly unknown to the defendant, for defendant now discovers that said dwelling-house is not located on said premises conveyed to her by the plaintiff, but the said dwelling-house is about one half located on said described premises, and the remainder of said dwelling-house is located upon a platted and dedicated street in the City of Portland, Oregon, to wit, East 50th Street, which fronts upon the premises described in paragraph II of plaintiff's complaint.

"That five of the fruit trees are located on said public street and defendant is informed and believes and so alleges it to be true that the septic tank connected with her said premises is located in said public street.

"That it will cost defendant the sum of $115.00 to move her said dwelling-house over on to her said described premises; that the five fruit trees described are wholly lost to defendant and are reasonably worth the sum of $125, and it will cost defendant the sum of $25 to replace the septic tank as described, and by reason of the false and fraudulent representations made by the plaintiff to the defendant, defendant has been damaged in the sum of $265, and the foregoing arises out of the same transaction attempted to be alleged in plaintiff's complaint."

The reply consisted of a denial of the new matter in the answer.

A decree was rendered in favor of the plaintiff, and the defendant appeals.

AFFIRMED. MOTION TO RECALL MANDATE ALLOWED AND MANDATE CORRECTED.

For appellant there was a brief over the name of *Mr. W. P. Lord.*

For respondent there was a brief over the name of *Mr. George W. Gearhart.*

McBRIDE, J.—The evidence tends to show that Yale Addition is a small tract of platted land on the outskirts of Portland in which the streets, while properly platted and dedicated, have not been opened or improved. An old orchard is included in the dedication, the fruit trees still standing unmolested in the streets and upon the lots. There were sixteen trees upon the three lots conveyed by plaintiff, and five trees immediately in front thereof. There was a somewhat dilapidated but still habitable house about twenty-two by thirty feet in size, standing partly on lot 5 and extending about nine feet into the street. About in the center of the street there is

a row of five fruit trees. Some mention is made about a septic tank connected with the house, as being also located in the street, but concerning this fact there is practically no evidence. The street is a mere paper thoroughfare, there being no sidewalks or improvements thereon that would attract the attention of an observer.

The trade was effected principally through plaintiff's agents, Moore and Robinson, and Mr. Collier as agent for defendant. There was no representation that the boundaries of the lots included the house, or any statement made in regard to the fruit trees. Plaintiff had been the owner of the property for about two months and did not know that the house extended beyond the boundaries of the lots or that the five fruit trees were in the street, and made no representation as to the condition or location of the house or the trees; nor were any such representations made by anybody. It is fair to assume from the testimony that both plaintiff and defendant honestly supposed that the house was on the lots and not in the street. Defendant visited the property and inspected it before buying, and as to what could be ascertained without a survey she probably was as well informed as the plaintiff. There is no evidence of any actual fraud, and no such negligent act on the part of plaintiff as amounts to constructive fraud. Under the pleadings here no actual or intentional deceit on the part of the plaintiff appears, or the breach of any duty which he owed to defendant. The defendant has the three lots which she obtained by the exchange, and the gist of her defense is that a house and some fruit trees which she supposed, after inspection, were upon the lots, proved, upon a subsequent survey, to be situated,

the house partly, and the five trees wholly, in an unopened street.

The decree is affirmed.

> AFFIRMED. MOTION TO RECALL MANDATE ALLOWED AND MANDATE CORRECTED.